**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BRANDON T. SHEETS,
ADC #652781                                                                                                  PLAINTIFF

v.                                            4:11-cv-00357-JMM-JTK

CLAYTON EDWARDS, et al.                                                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

This matter is before the Court on the Defendants' Motions for Summary Judgment (Doc. Nos. 48, 58). Plaintiff filed Responses in opposition to the Motions (Doc. Nos. 64, 66).

Plaintiff Brandon Sheets is a state inmate incarcerated at the Diagnostic Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, based on events which occurred while he was incarcerated at the White County Detention Center (Jail), beginning on February 8, 2011. Specifically, he alleges Defendant Edwards, a Captain at the Jail, discriminated against him by placing him in segregation because of medication Plaintiff was taking, and also was deliberately indifferent to Plaintiff's serious medical needs by failing to obtain an orthopedic appointment. He alleges Defendant Dr. Sanchez was deliberately indifferent because Plaintiff requested a sick call on February 9, 2011, and was not seen by the doctor until March 2, 2011, and also because he did not timely receive the orthopedic appointment. Finally, he claims Defendant Hacker was deliberately indifferent by failing to provide to him his anxiety medication

on two occasions.  Plaintiff asks for monetary relief from the Defendants.

According to the mostly undisputed facts and the exhibits set forth by the parties, Plaintiff was incarcerated at the Jail on February 8, 2011.  (Doc. No. 48-1, p. 5.)  On February 15, 2011, Plaintiff was examined by the Jail nursing staff for complaints of chest pains and difficulties with breathing.  (Doc. No. 48-2.)  (Plaintiff claims he was having an anxiety attack, Doc. No. 48-1, p. 5).  The staff took his blood pressure twice within fifteen minutes, and it measured below the level where nursing protocol requires that a physician be contacted.  (Doc. No. 48-2.)  In addition, his temperature, pulse and respiration rates were noted as "normal."  (Doc. No. 48-3.)  Plaintiff was personally examined by Defendant Dr. Sanchez on March 2, 2011, at which time he prescribed blood pressure and anxiety medications and ordered that Plaintiff's blood pressure be checked regularly.  (Doc. No. 48-4.)

On March 26, 2011, Defendant Hacker distributed medications to inmates, but told Plaintiff that he could not locate his anxiety medication and that he called Defendant Sanchez to reorder it.  (Doc. No. 48-1, p. 4.)  That evening, however, another employee of the Jail distributed Plaintiff's medication to him.  (Id.)  The next day, March 27, 2011, Defendant Hacker again told Plaintiff he was out of his medication, and on March 28, 2011, another Jail employee resolved the matter in response to Plaintiff's complaint.  (Id.)  Plaintiff received his medications after March 27, 2011, and stated that Defendant Hacker refused his medication "out of spite."  (Doc. No. 48-1, p. 11.)  After Hacker's initial refusal of the medication, Plaintiff injured his right pinky finger when he punched a wall in his cell.  (Id. at p. 4.)  He was taken to the emergency room of the White County Hospital where x-rays were taken, a splint was placed on his finger, and he was provided with pain medication.  (Id.)  The hospital also directed that Plaintiff follow-up with an orthopedic physician

within three days.  (Id.)

Plaintiff filed grievances on March 28, 2011, and March 31, 2011, complaining that he had not yet been taken to see the orthopedic physician.  (Doc. No. 65, pp. 25-6).  On April 6, 2011, Plaintiff was seen by Defendant Sanchez, who acknowledged that Plaintiff needed to be seen by an orthopedic physician.  (Doc. No. 48-6, p. 1.)  A Medical Progress Note dated April 8, 2011, shows the Jail called Dr. Blickenstaff's office, but that he would not see Plaintiff because he did not have a contract to do business with the Jail.  (Id. at p. 3.)  Defendant Edwards was contacted about this, and on April 21, 2011, a member of the nursing staff spoke again with Blickenstaff's office, who stated that a member of Plaintiff's family should bring $50 for a consultation deposit.  (Doc. No. 48-8.)  Plaintiff was examined by Dr. Blickenstaff on May 3, 2011, at which time the splint was removed from his finger and x-rays revealed a "well-healed, nondisplaced right 5th metacarpal fracture."  (Doc. No. 48-9.)  Plaintiff was directed to: "[d]iscontinue brace. Continue buddy taping for the next 1 to 2 weeks as needed for protected range of motion exercises.  Progress to ad lib activities as tolerated.  Ibuprofen for pain."  (Id.)

**II.     Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

4

citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

It is unclear to the Court whether, at the time of his incarceration at the Jail, Plaintiff was a pretrial detainee or had been convicted and was awaiting transportation to the ADC. Claims filed by pretrial detainees are governed by the due process standard of the Fourteenth Amendment, but in the Eighth Circuit, the standards applied to such claims are the same as those applied to Eighth Amendment claims filed by convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1976); Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must produce evidence that Defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to his health and safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994).

### A.  Official Capacity

Defendants Edwards and Hacker state that Plaintiff's monetary claims against them in their official capacities should be dismissed, because Plaintiff does not allege that their alleged unconstitutional actions were the result of an unconstitutional county policy, procedure, or practice, citing Board of County Commissioners v. Brown, 520 U.S. 397, 404 (1997). Plaintiff does not dispute Defendants' argument that a suit against them in their official capacity is a suit against their County employer, White County. See Kentucky v. Graham, 473 U.S. 159, 165-6 (1985). Nor does

he dispute that in order to establish liability by the County, the law requires a showing of an unconstitutional policy or procedure, or a widespread pattern of unconstitutional conduct. Doe v. Washington County, 150 F.3d 920, 922 (8th Cir. 1998); Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff does not offer proof of an unconstitutional policy or practice; rather he states in his deposition that the Defendants' actions were in violation of county policy. (Doc. No. 48-1, p. 12.) Therefore, his monetary claims against Defendants in their official capacities should be dismissed.

### B.     Equal Protection

Defendant Edwards states that this claim against him should be dismissed because Plaintiff does not allege discrimination based on a suspect classification or denial of a fundamental liberty interest, and cannot show that he was treated differently, without any rational basis, from others who were similarly-situated. Hosna v. Groose, 80 F.3d 298, 304 (8th Cir. 1996). Edwards states in an affidavit that while incarcerated at the Jail, Plaintiff was prescribed anti-psychotic and narcotic medications and had been placed on suicide watch more than once for his own protection. (Doc. No. 60-1.) He states that these types of medication are sought-after by inmates and pose a risk to the safety and security of the Jail. (Id.) Therefore, Plaintiff's placement in administrative segregation was due to the legitimate purpose of protecting the health and safety of all the inmates. (Id.)

In his Response, Plaintiff states that other inmates who were taking other types of medications were permitted to stay in the general population of the Jail, and therefore, Defendant treated him differently by segregating him based on the medications he took. (Doc. No. 67, p. 7.) He also disputes Defendant Edwards' statement that he was taking antipsychotic medications at the time of his placement in administrative segregation, stating he was not prescribed these medications

6

until late April. (Doc. No. 67, p. 2.) However, he later states that he was placed in administrative segregation after he saw Dr. Sanchez on March 2, 2011, and complains that it took them (unidentified) eight days to get him his medications. (Id. at pp. 3, 5.)

In his deposition, Plaintiff admitted that this Equal Protection claim against Edwards is not race-based, and that he is not a member of a protected class. (Doc. No. 48-1, p. 8.) Therefore, his Equal Protection claim should be analyzed under the "rational basis" standard, and he must show that he was treated differently from similarly-situated inmates, without a rational basis in law. Gavin v. Branstad, 122 F.3d 1081, 1090 (8th Cir. 1997); Hosna v. Groose, 80 F.3d at 304. In his deposition, Plaintiff identified one other specific inmate, inmate Lindsey, who he stated was taking Klonopin and was housed in general population.[1] (Doc. No. 48-1, p. 8.) He admitted that he was taking Diazepam and high blood pressure medications, and also could not state the specific length of time he spent in administrative segregation or how those conditions differed from general population. (Id. at p. 9.)[2] The Court finds that absent more specific allegations, Defendant Edwards' reasons for placing Plaintiff in administrative segregation for an unknown period of time were rationally related to and supported by the medications Plaintiff took, his past suicidal history, and Edwards' concern for the safety and security of Plaintiff, other inmates, and Jail personnel. Therefore, the Court finds as a matter of law that this claim against defendant Edwards should be dismissed.

---

[1] Klonopin is used to treat seizure disorders or panic disorder. *Klonopin (clonazepam) Information*, DRUGS.COM, http://www.drugs.com/klonopin.html (last visited June 22, 2012).

[2] Diazepam is used to treat anxiety disorders, alcohol withdrawal symptoms, or muscle spasms. *Diazepam Information*, DRUGS.COM, http://www.drugs.com/diazepam.html (last visited June 22, 2012).

### C.  Deliberate Indifference - Denial of Medical Care

Defendants state Plaintiff cannot support an Eighth Amendment claim against them for the delay in seeing Dr. Sanchez or the orthopedic doctor, because he can provide no proof that the delay resulted in any harm. Plaintiff admits that he was taken by the Jail on the same date of the accident to the hospital, where his finger was placed in a splint. In addition, he was seen by Defendant Sanchez after that time, and the report of Dr. Blickenstaff indicated that Plaintiff's finger healed well. Finally, Defendants state Plaintiff fails to show that they acted with deliberate indifference to his serious medical needs, and that such resulted in harm.

In Response, Plaintiff states the Defendants owed him a duty to follow the orders of the hospital and take him to the orthopedic physician within three days of the incident, and that as a result of the delay, he suffered from pain.

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course

of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

### 1)   Defendant Edwards

Plaintiff claims Defendant Edwards is responsible for the delay in treatment by an orthopedic physician, but provides no "verifying medical evidence" to support his claim of a detrimental effect from the delay. Beyerbach v Sears, 49 F.3d 1324. In addition, he does not dispute that the Jail made several calls to the orthopedic doctor in an effort to set up the appointment, or that the doctor initially refused to see Plaintiff because of the absence of a contract with the Jail. Plaintiff points to no specific actions by Defendant Edwards which would support a finding of deliberate indifference, and therefore, the Court finds as a matter of law that Plaintiff cannot support an Eighth Amendment claim against him.

### 2)   Defendant Dr. Sanchez

Similarly, the Court finds no evidence of deliberate indifference on the part of Defendant Dr. Sanchez. Plaintiff claims that Defendant violated his rights because he did not initially see Plaintiff for the blood pressure and anxiety problems which occurred on February 15, 2011, until March 2, 2011. However, Plaintiff points to no evidence that this delay was caused by Defendant Sanchez,

that the delay caused any injury, or that Plaintiff's condition was sufficiently serious to warrant his immediate attention. Rather, the records show that Plaintiff was seen by the nursing staff for his complaints, and that his blood pressure and pulse rates were normal. (Doc. Nos. 48-2, 48-2.) In addition, when Dr. Sanchez did examine Plaintiff on March 2, 2011, he prescribed him anxiety and blood pressure medications and ordered that Plaintiff's blood pressure be regularly checked.[3] (Doc. No. 48-4.) Finally, Plaintiff provides no evidence that Dr. Sanchez was responsible for his delay in being seen by Dr. Blickenstaff, and no evidence that the delay resulted in a detrimental effect to his health. Therefore, the Court finds as a matter of law that Plaintiff cannot support an Eighth Amendment deliberate indifference claim against Defendant Sanchez.

### 3) Defendant Hacker

Plaintiff claims Defendant Hacker denied him medication on two consecutive dates, March 26 and 27, 2011, and that he did so "out of spite." (Doc. No. 48-1, p. 11.) He admits that he received his medication the evening of March 26 from another Jail employee, and that his medication resumed after March 27. Plaintiff offers no proof that he suffered from a serious medical need or of any harm suffered as a result of the missed medication, and other than to say that Defendant acted "out of spite", offers no proof of deliberate indifference by Defendant. As noted above, even "grossly negligent" conduct does not support an Eighth Amendment claim. Crandell,

---

[3] Plaintiff also argues in his response that he failed to receive the prescribed anxiety medications for eight days after they were prescribed, and that he suffered during that delay. However, this allegation was not part of his Amended Complaint, and he does not attribute that delay to any particular Defendant. Furthermore, according to the response to the grievance which he filed on March 8, 2011, when the Jail contacted the pharmacy about the prescription, the pharmacy stated they needed Dr. Sanchez's "signature again for the med." This was faxed to the pharmacy and the Jail stated they would ask that the medication be "overnighted here if possible." (Doc. No. 65, pp. 22-23.) There is no indication here that any Defendant acted with deliberate indifference to prevent Plaintiff from receiving this medication.

56 F.3d at 37. Therefore, the Court finds no evidence of an Eighth Amendment violation by Defendant Hacker.

**III.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motions for Summary Judgment (Doc. Nos. 48, 58) be GRANTED and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 25th day of June, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE